**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

CINDY DICKEN,

                              Plaintiff,

          -vs-

                                                    Case No. 3:21-CV-257-RGJ

WELLS FARGO BANK, N.A.,

                                                    Hon. Rebecca Grady Jennings

                              Defendant.

---

**DEFENDANT WELLS FARGO BANK N.A.'S MEMORANDUM OF LAW IN**
**SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

---

45902405 v1

# TABLE OF CONTENTS

**Page**

**INTRODUCTION** .......................................................................................................... 1

**BACKGROUND** ............................................................................................................ 1

**LEGAL STANDARD** .................................................................................................... 2

**ARGUMENT** ................................................................................................................. 3

I.    The Complaint Fails to State a Claim for Breach of Contract (Count I). ........................ 3

    A.    The Complaint Does Not Allege a Meeting of the Minds. ................................ 4

    B.    The Application Contained No Definite and Certain Terms. ............................ 6

    C.    The Complaint Does Not Allege Consideration. .............................................. 7

    D.    The Application Does Not Satisfy the Statute of Frauds. .................................. 8

    E.    Plaintiff Cannot State a Breach of Contract Claim Under the Parties' Actual Contract—the Note and Mortgage.......................................................... 9

II.    The Complaint Fails to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing (Count II). ...................................................... 11

    A.    Breach of the Implied Covenant of Good Faith and Fair Dealing Is Not a Cognizable Claim in Kentucky. ................................................................ 11

    B.    The Implied Covenant Claim Is Duplicative of the Breach of Contract Claim, Requiring Dismissal.............................................................................. 13

III.    The Complaint Fails to State a Claim for Fraudulent Concealment (Count III). ............. 14

    A.    Wells Fargo Had No Legal Duty to Disclose. ................................................ 15

    B.    Plaintiff Has Not Alleged That Wells Fargo Knowingly Concealed the Calculation Error or Intentionally Misled Plaintiff.......................................... 17

    C.    The Complaint Does Not Comply With Rule 9(b). ........................................ 19

IV.    The Complaint Fails to State a Claim for Gross Negligence and/or Negligence (Count IV). ...................................................................................................... 20

    A.    Plaintiff's Negligence Claim Is Preempted by the Fair Credit Reporting Act. ................ 20

    B.    Plaintiff Cannot Plead that Wells Fargo Owed Her a Legal Duty of Care Under Kentucky Law. ......................................................................... 23

V.    Plaintiff Has Not Alleged a Basis for Punitive Damages. ............................................... 24

**CONCLUSION** ............................................................................................................. 24

i

45902405 v1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*859 Boutique Fitness LLC v. Cyclebar Franchising, LLC*,
No. 5:16-CV-018-KKC, 2016 WL 2599112 (E.D. Ky. May 5, 2016) .....................................9

*ADA-ES, Inc. v. Big Rivers Elec. Corp.*,
502 F. Supp. 3d 1199 (W.D. Ky. 2020) .................................................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................................2

*Associated Warehousing, Inc. v. Banterra Corp.*,
No. 5:08–CV–00052–TBR, 2008 WL 4180260 (W.D. Ky. Sept. 8, 2008)............................16

*Auto Channel, Inc. v. Speedvision Network, LLC*,
144 F. Supp. 2d 784 (W.D. Ky. 2001).....................................................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................................2

*Bennett v. Bank of Am., N.A.*,
126 F. Supp. 3d 871 (E.D. Ky. 2015) ..............................................................................10, 11

*Brown v. Johnson & Johnson*,
No. 3:20-CV-404-DJH-CHL, 2021 WL 869548 (W.D. Ky. Mar. 4, 2021) .....................19, 20

*Buridi v. Branch Banking & Trust Co.*,
No. 3:12-CV-00486-S, 2013 WL 1309763 (W.D. Ky. Mar. 25, 2013)...................................18

*Busch v. Wells Fargo Home Mortg., Inc.*,
No. 5:16-cv-210-JMH, 2017 WL 82473 (E.D. Ky. Jan. 9, 2017) .........................................23

*C.A.F. & Assocs., LLC v. Portage, Inc.*,
913 F. Supp. 2d 333 (W.D. Ky. 2012).................................................................................6, 7

*Cable v. Midland Funding, LLC*,
No. 3:19-CV-00015-GFVT, 2019 WL 3046098 (E.D. Ky. July 11, 2019)............................23

*Cent. Bank v. Gill*,
No. 2011-SC-000442-DG, 2013 WL 5436257 (Ky. Sept. 26, 2013) ...................................4, 5

*Cervetto v. Powell*,
No. 1:14CV-00075-HBB, 2015 WL 13548454 (W.D. Ky. Oct. 30, 2015)............................15

45902405 v1

*Chesbrough v. VPA, P.C.*,
   655 F.3d 461 (6th Cir. 2011) ...................................................................................................18

*Cinelli v. Ward*,
   997 S.W.2d 474 (Ky. Ct. App. 1998) .......................................................................................6

*ClubSpecialists Int'l, LLC v. Keeneland Ass'n, Inc.*,
   No. 5:16-CV-345-KKC, 2018 WL 2050134 (E.D. Ky. May 2, 2018) .....................................9

*Comercio de Cigarros, LTDA v. Buttes & Ashes, Inc.*,
   516 F. Supp. 2d 841 (W.D. Ky. 2007) .....................................................................................3

*Cooper v. Barth*,
   464 S.W.2d 233 (Ky. 1971) .....................................................................................................24

*Crestwood Farm Bloodstock, LLC v. Everest Stables, Inc.*,
   864 F. Supp. 2d 629 (2012) .....................................................................................................11

*Dalton v. Mullins*,
   293 S.W.2d 470 (Ky. 1956) .....................................................................................................10

*In re Darvocet, Darvon, & Propoxyphene Prods. Liability Litig.*,
   756 F.3d 917 (6th Cir. 2014) .....................................................................................................2

*de Jong v. Leitchfield Deposit Bank*,
   254 S.W.3d 817 (Ky. Ct. App. 2007) .....................................................................................12

*Eddins v. Cenlar FSB*,
   964 F. Supp. 2d 843 (W.D. Ky. 2013).................................................................................21, 22

*Ennes v. H & R Block E. Tax Servs., Inc.*,
   No. 3:01 CV-447-H, 2002 WL 226345 (W.D. Ky. Jan. 11, 2002).........................................12

*First Tech. Cap., Inc. v. JPMorgan Chase Bank, N.A.*,
   53 F. Supp. 3d 972 (E.D. Ky. 2014) .........................................................................................6

*Francis v. Armstrong Coal Reserves, Inc.*,
   No. 4:11–CV–00077–JHM, 2012 WL 777271 (W.D. Ky. Mar. 7, 2012)...............................24

*Francis v. Nami Res. Co.*,
   No. 04–510, 2008 WL 852047 (E.D. Ky. Mar. 28, 2008).......................................................12

*GATX Corp. v. Addington*,
   879 F. Supp. 2d 633 (E.D. Ky. 2012) .....................................................................................17

*Goss v. ABN AMRO Mortg. Grp.*,
   549 F. App'x 466 (6th Cir. 2013) ..............................................................................................5

iii

*Ham Broad. Co. v. Cumulus Media, Inc.*,
   No. 5:10-CV-00185, 2013 WL 275565 (W.D. Ky. Jan. 24, 2013) ....................................7, 8

*Hopkins v. PHH Mortg. Corp.*,
   No. 2:18-CV-00042-RWS-JCF, 2019 WL 3526502 (N.D. Ga. May 30, 2019)......................5

*House v. Bristol-Myers Squibb Co.*,
   No. 3:15-CV-00894-JHM, 2017 WL 55876 (W.D. Ky. Jan. 4, 2017) ...................................15

*J. Kokolakis Contr. Corp. v. Evolution Piping Corp.*,
   998 N.Y.S.2d 788 (N.Y. App. Div. 2014) .............................................................................13

*Jr. Food Stores, Inc. v. Hartland Constr. Grp., LLC*,
   No. 119CV00076GNSHBB, 2021 WL 1062546 (W.D. Ky. Mar. 18, 2021)...........................6

*Kreipke v. Wayne State Univ.*,
   807 F.3d 768 (6th Cir. 2015) ..................................................................................................3

*KSA Enters., Inc. v. Branch Banking & Tr. Co.*,
   No. 5:14-CV-00182, 2015 WL 5611655 (W.D. Ky. Sept. 23, 2015)................................12, 13

*Layne v. Bank One Kentucky, N.A.*,
   395 F.3d 271 (6th Cir. 2005) ................................................................................................23

*Lenning v. Commer. Union Ins. Co.*,
   260 F.3d 574 (6th Cir. 2001) .............................................................................................3, 10

*Louthan v. McKenzie Banking Co.*,
   No. 2018-CA-001483-MR, 2020 WL 2298355 (Ky. Ct. App. May 8, 2020) ........................16

*Lyon v. Seven Ctys. Servs.*,
   No. 2011-CA-001503-MR, 2012 WL 3236585 (Ky. Ct. App. Aug. 10, 2012)........................8

*Miller v. Caliber Home Loans, Inc.*,
   No. 3:16-CV-621-DJH-DW, 2018 WL 935439 (W.D. Ky. Feb. 16, 2018) ......................10, 13

*Mills v. Flagstar Bank*,
   No. 6:17-294-DCR, 2018 WL 1050456 (E.D. Ky. Feb. 26, 2018).........................................11

*Mitchell v. Gen. Motors LLC*,
   No. 3:13-CV-498-CRS, 2014 WL 1319519 (W.D. Ky. Mar. 31, 2014) ...........................15, 18

*Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*,
   536 F. App'x 558 (6th Cir. 2013) ..........................................................................................16

*Nain v. Nain*,
   No. 5:09-CV-55, 2010 WL 2228254 (W.D. Ky. June 2, 2010) ..............................................8

iv

*New England Health Care Emps. Pension Fund v. Ernst & Young, LLP,*
    336 F.3d 495 (6th Cir. 2003) ..................................................................................................3

*Pal Oil, LLC v. United Am. Energy, LLC,*
    No. 2011-CA-000744-MR, 2012 WL 5274652 (Ky. Ct. App. Oct. 26, 2012).........................18

*Pathways, Inc. v. Hammons,*
    113 S.W.3d 85 (Ky. 2003)....................................................................................................23

*Peacock v. Damon Corp.,*
    458 F. Supp. 2d 411 (W.D. Ky. 2006)..................................................................................11

*Perkins v. Wells Fargo Bank, N.A.,*
    No. 12-4284, 2014 U.S. App. LEXIS 5006 (6th Cir. Mar. 12, 2014) ....................................18

*Philpot v. Microbilt Corp.,*
    No. 3:16-CV-00382-TBR, 2016 WL 7395289 (W.D. Ky. Dec. 21, 2016) .............................22

*Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.,*
    No. 3:16-CV-00024-JHM, 2017 WL 157834 (W.D. Ky. Jan. 13, 2017) ...............................17

*Pittman v. Experian Info. Sols., Inc.,*
    901 F.3d 619 (6th Cir. 2018) .................................................................................................9

*Republic Bank & Trust Co. v. Bear, Stearns & Co., Inc.,*
    707 F. Supp. 2d 702 (W.D. Ky. 2010)..............................................................................15, 19

*Robertson v. Life Ins. Co. of Ga.,*
    396 S.E.2d 35 (Ga. Ct. App. 1990)........................................................................................5

*Sallee v. Fort Knox Nat'l Bank, N.A. (In re Sallee),*
    286 F.3d 878 (6th Cir. 2002) ...............................................................................................16

*Sanderson v. HCA-The Healthcare Corp.,*
    447 F.3d 873 (6th Cir. 2006) .................................................................................................3

*Simpson v. Champion Petfoods USA, Inc.,*
    397 F. Supp. 3d 952 (E.D. Ky. 2019) ...................................................................................16

*SMA Portfolio Owner, LLC v. Corporex Realty & Investment, LLC,*
    112 F. Supp. 3d 555 (E.D. Ky. 2015) ...................................................................................24

*Southfield Educ. Ass'n v. Southfield Bd. of Educ.,*
    570 F. App'x 485 (6th Cir. 2014) ...........................................................................................2

*Southwynd, LLC v. PBI Bank, Inc.,*
    No. 3:13CV–00952–S, 2014 WL 2575410 (W.D. Ky. June 9, 2014)....................................10

45902405 v1

*Stafford v. Cross Country Bank*,
262 F. Supp. 2d 776 (W.D. Ky. 2003) ..................................................................................21

*Strong v. Louisville & Nashville R. Co.*,
43 S.W.2d 11 (Ky. 1931) ....................................................................................................10

*Thomas v. Wells Fargo Bank, N.A.*,
No. 120CV00229SDGRGV, 2021 WL 1244673 (N.D. Ga. Mar. 11, 2021)....................5, 6, 7

*Thomas v. Wells Fargo Bank, N.A.*,
No. 120CV00229SDGRGV, Final Report and Recommendation, ECF No. 28
(N.D. Ga. Jan. 19, 2021) ......................................................................................................5

*Time Warner Cable Midwest LLC v. Pennyrile Rural Elec. Coop. Corp.*,
No. 5:15-CV-45-TBR2015, WL 4464105 (W.D. Ky. July 21, 2015) .....................................13

*Tri-Cty. Mortg. Co. v. Union Planters Bank, N.A.*,
No. 2003-CA-000787-MR, 2004 WL 2672317 (Ky. Ct. App. Nov. 24, 2004).........................8

*Univ. of Louisville v. Bohm*,
No. 2017-CA-000935-MR, 2019 WL 1422912 (Ky. Ct. App. Mar. 29, 2019)........................12

*Van Brunt v. Wells Fargo Bank, N.A.*,
No. 3:19-cv-00170-BRM-TJB, 2020 WL 7868153 (D.N.J. Dec. 31, 2020) ..........................20

*Waldridge v. Homeservices of Ky., Inc.*,
384 S.W.3d 165 (Ky. Ct. App. 2011) ...................................................................................15

*Walker v. Keith*,
382 S.W.2d 198 (Ky. 1964) ...................................................................................................7

*West. v. Wells Fargo Bank, N.A.*,
No. 5:19-CV-286-JMH-MAS, 2020 WL 6706351 (E.D. Ky. Nov. 12, 2020).......................23

*Williams v. CitiMortgage, Inc.*,
498 F. App'x 532 (6th Cir. 2012) ...........................................................................................3

*Williamson v. Ingram*,
49 S.W.2d 1005 (Ky. 1932)..................................................................................................10

*Yuhasz v. Brush Wellman, Inc.*,
341 F.3d 559 (6th Cir. 2003) .................................................................................................3

*ZelTiq Aesthetics, Inc. v. Medshare, Inc.*,
No. 3:14-CV-213-CRS, 2015 WL 3447612 (W.D. Ky. May 28, 2015)...................................8

**Statutes**

15 U.S.C. § 1681h(e) ....................................................................................................20, 21, 22

45902405 v1

vii

15 U.S.C. § 1681t(b)(1)(F) ......................................................................................20, 21, 22

Ky. Rev. Stat. § 371.010(6) ...................................................................................................8

Ky. Rev. Stat. § 411.184(4) .................................................................................................24

**Other Authorities**

*Black's Law Dictionary* (11th ed. 2019)..............................................................................19

86 C.J.S. Torts § 6 (2021)....................................................................................................12

Fed R. Civ. P. 9(b) .................................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6).................................................................................................2, 3, 24

45902405 v1

## INTRODUCTION

Plaintiff Cindy Dicken, a former mortgagor whose loan was serviced by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), seeks damages for a trial loan modification Wells Fargo mistakenly denied due to a software error, which Plaintiff claims ultimately resulted in the loss of her property. Plaintiff asserts four causes of action (breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent concealment, and gross negligence and/or negligence) against Wells Fargo, all of which fail as a result of readily identifiable pleading defects: (1) a unilateral loan modification application is not a contract as a matter of law and does not satisfy the statute of frauds; (2) breach of the implied covenant of good faith and fair dealing claim is not a cognizable cause of action in Kentucky; (3) Wells Fargo did not owe Plaintiff a legal duty to disclose the calculation error and Plaintiff cannot allege that Wells Fargo knowingly concealed the error or intentionally misled her; and (4) the negligence claim is preempted by the Fair Credit Reporting Act ("FCRA"), and Plaintiff cannot allege that Wells Fargo owed her a legal duty of care. These fatal deficiencies strip Plaintiff's allegations of plausibility such that they fail to state a claim. The Complaint should be dismissed in its entirety with prejudice.

## BACKGROUND

Plaintiff's claims relate to a mortgage loan previously serviced by Wells Fargo. Compl. ¶ 88. Wells Fargo previously granted Plaintiff two permanent loan modifications, in 2010 and 2013. *See* RJN Ex. A. Despite those modifications, Plaintiff admits that, as a result of various financial hardships, she was not able to meet her mortgage obligations and again defaulted on her loan. Compl. ¶¶ 3, 89, 113, 125.

According to Plaintiff, she sought to modify her loan again, but Wells Fargo improperly denied her application due to a calculation error in its modification software. Compl. ¶¶ 1, 4, 90-91, 96-97. While Plaintiff does not allege that she would have been able to successfully make the

1

required payments under either a trial or permanent modification plan, Plaintiff claims that the erroneous denial resulted in the eventual loss of her property by foreclosure sale. Compl. ¶¶ 92, 94, 96, 97. Plaintiff's property went into foreclosure in August 2014. Compl. ¶ 92. For nearly a year, she lived in the property payment-free before the property was sold pursuant to foreclosure in June 2015. Compl. ¶¶ 93-94. On September 20, 2018, Plaintiff received a letter from Wells Fargo informing her of a calculation error that had impacted the decision on her loan modification application. Compl. ¶ 96. The letter enclosed a $15,000 check to "help make up for [any] financial loss" and offered Plaintiff the option to participate in a third-party mediation with Wells Fargo if she did not feel Wells Fargo had "made things right." Compl. ¶ 69. Plaintiff requested mediation and, as a result, Wells Fargo paid Plaintiff an additional $12,500. Compl. ¶ 99. Unsatisfied with Wells Fargo's voluntary payments to her, Plaintiff's lawsuit followed.

## LEGAL STANDARD

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must consider "whether the complaint alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Darvocet, Darvon, & Propoxyphene Prods. Liability Litig.*, 756 F.3d 917, 926 (6th Cir. 2014) (internal citations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (discussing plausibility standard). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor should the court "accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014).

2

Moreover, when considering a Rule 12(b)(6) motion to dismiss, a court "may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). A written instrument that "contradicts allegations in the complaint to which it is attached . . . trumps the allegations." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015) (citing *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012)).

Fraud claims must comply with Rule 9(b), which provides that "in any complaint averring fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (internal citations omitted). Compliance with Rule 9(b) requires that a plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Corp.*, 447 F.3d 873, 877 (6th Cir. 2006) (internal citations omitted).

## ARGUMENT

### I.    The Complaint Fails to State a Claim for Breach of Contract (Count I).

To state a claim for breach of contract under Kentucky law, a plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) breach of the contract; and (3) resulting damages or loss to the plaintiff. *Lenning v. Commer. Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001); *Sudamax Industria e Comercio de Cigarros, LTDA v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 845 (W.D. Ky. 2007). Here, Plaintiff purports to have entered into a contract with Wells Fargo through ***an application*** she submitted for a trial loan modification, which Plaintiff refers to as a "Modification Contract" or a "Form Contract." *See, e.g.*, Compl. ¶¶ 36, 106. Plaintiff bases her breach of contract claim on the following allegations:

45902405 v1

(1)    the application was signed by Plaintiff (Compl. ¶ 110);

(2)    the application "required" Plaintiff to provide authority to investigate her financial status and agree to credit counseling (Compl. ¶ 108);

(3)    "In consideration," Wells Fargo "agreed" via the application "to evaluate" Plaintiff for a "temporary payment plan or modification program in compliance with GSE, HUD, and HAMP requirements" (Compl. ¶ 109);

(4)    Wells Fargo did not offer Plaintiff any "temporary payment plan" or trial loan modification (Compl. ¶ 112); and

(5)    Plaintiff suffered harm in connection with the loss of her property (Compl. ¶¶ 113, 117).

Plaintiff's clever labeling of her application as a Form or Modification "Contract" cannot save her claim. The actual allegations fail to meet the standard for breach of contract under Kentucky law.

**A.    The Complaint Does Not Allege a Meeting of the Minds.**

Under Kentucky law, "manifestation of mutual assent—also known as a 'meeting of the minds'—must be present in order for an enforceable contract to be found." *Cent. Bank v. Gill*, No. 2011-SC-000442-DG, 2013 WL 5436257, at *5 (Ky. Sept. 26, 2013). "In fact, a meeting of the minds is the most essential factor in determining the existence of a binding contract." *Id*.

Here, far from evidencing a meeting of the minds, Plaintiff's application, the "Homeowner Financial Assistance Form," shows the opposite: Wells Fargo did not offer to give Plaintiff a trial loan modification based solely on her submission of the application. *See* RJN Ex. B (a true and correct copy of Plaintiff's May 15, 2014 application).[1]  Indeed, as the application expressly provides: "I/we understand that the Servicer will use the information in this document to evaluate my/our eligibility for a [trial] loan modification or short sale or deed-in-lieu of foreclosure, but the Servicer is not obligated to offer me assistance based solely on the statements in this document."

---

[1] Wells Fargo has submitted herewith a Request for Judicial Notice ("RJN") of certain publicly filed court documents, as well as documents referenced in the Complaint that are central to the claims contained therein.

4

45902405 v1

*Id.* at Acknowledgment No. 7. Thus, Plaintiff expressly acknowledged that her application was simply an *opportunity* to be considered for a trial loan modification, which cannot be a contract as a matter of law.

*Thomas v. Wells Fargo Bank, N.A.* is instructive. No. 120CV00229SDGRGV, 2021 WL 1244673, at *3 (N.D. Ga. Mar. 11, 2021), [2] There, the court considered allegations identical to those Plaintiff makes here: (1) that the plaintiff entered into an agreement with Wells Fargo in the form of the same "Form Contract" at issue here; (2) "the Form Contract required Wells Fargo to offer her the 'best temporary payment plan or modification program for which she was eligible'"; and (3) "by failing to offer [the plaintiff] any payment plan or modification, Wells Fargo allegedly breach the Form Contract." *Id.* Adopting the magistrate's recommendations, the district court concluded that the contract claim failed because there was no meeting of the minds. *Id.* Indeed, as the magistrate explained:

> [The plaintiff's] breach of contract claim [was] premised entirely on the alleged loan modification application with Wells Fargo, but it is clear from the face of the complaint that the application was never reduced to an enforceable contract altering the terms of her mortgage loan. Indeed, an application "is a mere offer" that, unless accepted, does not create a contract. *Robertson v. Life Ins. Co. of Ga.*, 396 S.E.2d 35, 35 (Ga. Ct. App. 1990) (citation and internal marks omitted). Because [plaintiff] has failed to identify any breach of a valid, enforceable contract, her claim fails.

*Thomas v. Wells Fargo Bank, N.A.*, No. 120CV00229SDGRGV, Final Report and Recommendation, ECF No. 28, at 24-25 (N.D. Ga. Jan. 19, 2021); *see also Goss v. ABN AMRO Mortg. Grp.*, 549 F. App'x 466, 470 (6th Cir. 2013) (applying Michigan law) (finding that "a loan modification proposal does not ripen into a binding agreement … because such a proposal does

---

[2] Like Kentucky, Georgia requires a "meeting of the minds" in order to state a contract-based claim. *See, e.g., Hopkins v. PHH Mortg. Corp.*, No. 2:18-CV-00042-RWS-JCF, 2019 WL 3526502, at *16 (N.D. Ga. May 30, 2019), *R. & R. adopted*, No. 2:18-CV-00042-RWS-JCF, 2019 WL 5483785 (N.D. Ga. Sept. 6, 2019).

45902405 v1

not objectively reflect a meeting of the minds regarding the essential modification terms") (internal quotations and citations omitted).

Here, just as in *Thomas*, Plaintiff alleges a "mere offer," which does not satisfy the required "meeting of the minds." Her breach of contract claim should be dismissed.

### B.    The Application Contained No Definite and Certain Terms.

The application's vague, indefinite language about what steps Wells Fargo would take upon receipt, and the uncertainty regarding what Plaintiff would receive as a result, also dooms the contract claim. A basic principle of contract law is that a contract must "contain definite and certain terms setting forth promises of performance to be rendered by each party." *Jr. Food Stores, Inc. v. Hartland Constr. Grp., LLC*, No. 119CV00076GNSHBB, 2021 WL 1062546, at *2 (W.D. Ky. Mar. 18, 2021) (internal quotations omitted). "Material terms are those terms essential to the enforcement of a contract." *First Tech. Cap., Inc. v. JPMorgan Chase Bank, N.A.*, 53 F. Supp. 3d 972, 985 (E.D. Ky. 2014) (internal citations omitted). "While the agreement need not cover every conceivable term of the relationship, it must set forth the 'essential terms' of the deal." *Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F. Supp. 2d 784, 790 (W.D. Ky. 2001). Here, Plaintiff does not even attempt to allege that her supposed contract with Wells Fargo contained the most essential of terms, including the amount of the trial payment, the interest rate, or the repayment term. The claim thus fails on its face.

Nor can Plaintiff argue that her application was a "preliminary agreement" or a memorandum of understanding. Kentucky follows the traditional "all or nothing" approach to preliminary agreements like a memorandum of understanding or a mere application for a loan modification: "Either the agreement is enforceable as a binding contract to consummate the transaction or it is unenforceable as something less." *C.A.F. & Assocs., LLC v. Portage, Inc.*, 913 F. Supp. 2d 333, 343 (W.D. Ky. 2012) (quoting *Cinelli v. Ward*, 997 S.W.2d 474, 478 (Ky. Ct.

6

45902405 v1

App. 1998)). A preliminary agreement must "specify all material and essential terms and leave nothing to be agreed upon as a result of future negotiations." *Id*. (citing *Walker v. Keith*, 382 S.W.2d 198, 204-05 (Ky. 1964)). Because her loan modification application lacked "substantial certainty as to the material terms upon which the minds of the parties have met," Plaintiff alleges "something less" than an enforceable contract. *C.A.F. & Associates*, 913 F. Supp. 2d at 343. Accordingly, the "Form Contract" was not an enforceable contract as a matter of law. *Id*.

### C.    The Complaint Does Not Allege Consideration.

Plaintiff also fails to allege consideration and mutuality of obligation, which go to the heart of contract formation. For a contract to be enforceable, it is black-letter law that the parties must exchange consideration—i.e., "a benefit conferred to a promisor or a detriment incurred by a promisee." *Ham Broad. Co. v. Cumulus Media, Inc.*, No. 5:10-CV-00185, 2013 WL 275565, at *3 (W.D. Ky. Jan. 24, 2013) (internal citations omitted). Plaintiff alleges that in applying for the trial loan modification, she provided a standard form application, certified under penalty of perjury that the information provided on the application was truthful, provided authorization to investigate her financial status, and agreed to credit counseling. Compl. ¶¶ 108-111. Plaintiff claims that, "[i]n consideration," Wells Fargo agreed to evaluate her eligibility for a trial loan modification and "offer Plaintiff the best temporary payment plan or modification program for which they [sic] were eligible." Compl. ¶ 109. But these allegations do not allege consideration. Indeed, the Complaint is devoid of allegations that any benefit flowed to Wells Fargo as a result of its purported willingness to merely evaluate Plaintiff's application. *See Thomas*, 2021 WL 1244673, at *3 (rejecting same allegations at issue here and adopting magistrate's holding that the plaintiff "has not alleged any facts to show that Wells Fargo received an additional benefit in exchange for the promise to consider her loan for modification and offer her the best modification option"). The Complaint is likewise devoid of allegations that Plaintiff suffered any "legal detriment" from the

7

mere act of submitting her application. *See, e.g.*, *Ham Broad.*, 2013 WL 275565, at \*3; *Nain v. Nain*, No. 5:09-CV-55, 2010 WL 2228254, at \*3 (W.D. Ky. June 2, 2010). Absent consideration, there can be no enforceable contract for Wells Fargo allegedly to breach. *See, e.g.*, *Lyon v. Seven Ctys. Servs.*, No. 2011-CA-001503-MR, 2012 WL 3236585, at \*3 (Ky. Ct. App. Aug. 10, 2012) (finding that claim did not sound in contract because "[a]bsent consideration, or a mutuality of obligation, a contract does not exist").

Finally, without consideration, the alleged contract also lacks mutuality of obligation, which "is an essential element of a contract" and requires that *both* parties be bound. *See, e.g.*, *ZelTiq Aesthetics, Inc. v. Medshare, Inc.*, No. 3:14-CV-213-CRS, 2015 WL 3447612 at \*2 (W.D. Ky. May 28, 2015). Indeed, as this Court has explained, "if one party is not bound, neither is bound." *Id*. Critically, Plaintiff does not allege that, had Wells Fargo offered her a trial loan modification, she was obligated to accept it—and, indeed, she was not. Lacking mutuality of obligation, the trial loan modification application is not an enforceable agreement and, accordingly, cannot support Plaintiff's breach of contract claim. *See id.* (without mutuality of obligation, there is no enforceable contract).

**D.     The Application Does Not Satisfy the Statute of Frauds.**

As an additional ground for dismissal, the trial modification application does not satisfy the statute of frauds. Under Kentucky's statute of frauds, contracts involving the lending of money or extension of credit, such as those associated with the purchase of real property, must be in writing and signed by the party charged with performance. Ky. Rev. Stat. § 371.010(6); *Tri-Cty. Mortg. Co. v. Union Planters Bank, N.A.*, No. 2003-CA-000787-MR, 2004 WL 2672317, at \*1 (Ky. Ct. App. Nov. 24, 2004) (holding that a mortgage transaction is within the scope and application of KRS § 371.010(6) and requires agreement in writing). Here, the supposed "contract"—the application—pertains to the potential modification of a loan secured by residential

8

45902405 v1

real estate, and Plaintiff seeks to charge Wells Fargo with performance thereunder. *See* RJN Ex. B. Plaintiff alleges that she signed the application, but she does not (and cannot) allege that Wells Fargo did. Compl. ¶ 110; *see* RJN Ex. B. Thus, Plaintiff's own allegations conclusively show that the supposed "contract" does not satisfy the statute of frauds and cannot be used to support her breach of contract claim as a matter of law. *See, e.g.*, *859 Boutique Fitness LLC v. Cyclebar Franchising, LLC*, No. 5:16-CV-018-KKC, 2016 WL 2599112, at *2 (E.D. Ky. May 5, 2016), *aff'd*, 699 F. App'x 457 (6th Cir. 2017) (granting motion to dismiss breach of contract claim because plaintiffs did not allege agreement was in writing and signed by defendants); *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 635 (6th Cir. 2018) ("[s]tate and federal courts [that have considered the issue] . . . have consistently held that an action to enforce a mortgage modification lacking an authorized signature [i]s barred under the statute of frauds").

For all these reasons, Plaintiff's application was not an enforceable agreement, and her breach of contract claim necessarily fails and should be dismissed with prejudice.

### E.    Plaintiff Cannot State a Breach of Contract Claim Under the Parties' Actual Contract—the Note and Mortgage.

As the foregoing demonstrates, Plaintiff's trial modification application was not a contract as a matter of law. Nor can Plaintiff assert a breach of contract claim based on the actual contract between the parties—i.e., the note and mortgage. RJN Exs. C and D (together, the "Note and Mortgage").

#### 1.    Plaintiff's Breach Precludes Her Contract Claim Under Kentucky Law.

Plaintiff's admitted default on her payment obligations (Compl. ¶¶ 3, 89, 113, 125) was a breach of the Note and Mortgage. Compl. ¶ 88; *see also* RJN Exs. C and D. It is well-established under Kentucky law that "a party who commits the first breach of a contract is deprived of the right to complain[ ] of a subsequent breach by the other party." *ClubSpecialists Int'l, LLC v.*

9

45902405 v1

*Keeneland Ass'n, Inc.*, No. 5:16-CV-345-KKC, 2018 WL 2050134, at *2 (E.D. Ky. May 2, 2018) (quoting *Williamson v. Ingram*, 49 S.W.2d 1005, 1006 (Ky. 1932)); *see also ADA-ES, Inc. v. Big Rivers Elec. Corp.*, 502 F. Supp. 3d 1199, 1211 (W.D. Ky. 2020) ("Kentucky follows the first breach rule, which states that the first party to commit a material breach cannot complain of subsequent nonperformance by the opposing party."); *Dalton v. Mullins*, 293 S.W.2d 470, 476 (Ky. 1956) ("[H]e who first breaches a contract must bear the liability for its nonperformance. Thus no benefits should be obtained by the party who is guilty of the first breach."). Plaintiff breached the contract by defaulting on her loan obligations. Accordingly, even if Plaintiff were correct that Wells Fargo breached the Note and Mortgage (and she is not), Wells Fargo "is excused from any possible breach [because Plaintiff admits she] breached the mortgage contract first by defaulting on the loan." *Bennett v. Bank of Am., N.A.*, 126 F. Supp. 3d 871, 881 (E.D. Ky. 2015) (citation omitted). Indeed, a court in this district has rejected a breach of contract claim based on allegations substantially similar to those Plaintiff makes here. *Miller v. Caliber Home Loans, Inc.*, No. 3:16-CV-621-DJH-DW, 2018 WL 935439, at *7 (W.D. Ky. Feb. 16, 2018) (barring claim by plaintiff who defaulted on mortgage prior to any alleged breach by defendant). This Court should do the same.

### 2. The Mortgage Contract Did Not Require Wells Fargo to Consider, Much Less Approve, Plaintiff's Loan Modification Application.

Finally, Wells Fargo was not obligated by the Note and Mortgage to approve, or even consider, Plaintiff's loan modification application. A breach of contract claim requires a plaintiff to show "the existence and the breach of a contractually imposed duty." *Lenning v. Commercial Union Ins. Co.,* 260 F.3d 574, 581 (6th Cir. 2001) (citing *Strong v. Louisville & Nashville R. Co.,* 43 S.W.2d 11, 13 (Ky. 1931)); *see also* S*outhwynd, LLC v. PBI Bank, Inc.*, No. 3:13CV–00952–S, 2014 WL 2575410, at *2 (W.D. Ky. June 9, 2014). Here, Plaintiff has not identified—and

10

indeed, cannot identify—any provision in the Note or Mortgage that would have required Wells Fargo to review or approve her loss-mitigation application or provide other loss-mitigation assistance.  In the absence of any such provision, Wells Fargo could not have breached the parties' contract by failing to evaluate or approve Plaintiff for a trial loan modification.  *Bennett*, 126 F. Supp. 3d at 881 (because "the mortgage contained no loan modification provisions, [the servicer] could not have breached the mortgage by failing to evaluate the [plaintiffs] for a loan modification"); *Mills v. Flagstar Bank*, No. 6:17-294-DCR, 2018 WL 1050456, at *5 (E.D. Ky. Feb. 26, 2018) (dismissing breach of contract claim because the plaintiff "fail[ed] to plausibly allege that [the servicer] breached any contractual duty. … [Plaintiff] has not identified any provision in the mortgage or note requiring [the servicer] to review her loss mitigation application or provide loss mitigation assistance.  [The servicer] could not have breached the parties' contract by failing to evaluate her application for a loan modification or by denying her application in the absence of such a provision.").

For these reasons as well, Plaintiff's breach of contract claim should be dismissed with prejudice.

## II.     The Complaint Fails to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing (Count II).

### A.     Breach of the Implied Covenant of Good Faith and Fair Dealing Is Not a Cognizable Claim in Kentucky.

The Court can easily dispose of Plaintiff's claim for breach of the implied covenant of good faith and fair dealing because Kentucky "d[id] not create [any such] independent cause of action." *Crestwood Farm Bloodstock, LLC v. Everest Stables, Inc.*, 864 F. Supp. 2d 629, 634 (2012); *Peacock v. Damon Corp.*, 458 F. Supp. 2d 411, 419-20 (W.D. Ky. 2006) (while Kentucky law "does impose an obligation of good faith in the performance of any contract[,] it does not create an independent cause of action").  At best, Kentucky only recognizes an alleged breach of the

11

implied covenant of good faith and fair dealing in the context of a breach of contract claim—which, as explained above, Plaintiff has failed to allege here. *See Ennes v. H & R Block E. Tax Servs., Inc.*, No. 3:01 CV-447-H, 2002 WL 226345, at *4 (W.D. Ky. Jan. 11, 2002).[3]

Indeed, Kentucky courts have noted that the implied covenant of good faith and fair dealing merely "impose[s] on the parties . . . a duty to do everything necessary to carry" out the contract. *de Jong v. Leitchfield Deposit Bank*, 254 S.W.3d 817, 823 (Ky. Ct. App. 2007). Thus, while a plaintiff "needn't show that [the defendant] breached any specific provision of the [relevant agreement] to succeed under an implied duty of good faith and fair dealing theory," she "must show that [the defendant] acted in bad faith in denying [her] the benefits intended by the [agreement]." *KSA Enters., Inc. v. Branch Banking & Tr. Co.*, No. 5:14-CV-00182, 2015 WL 5611655, at *3 (W.D. Ky. Sept. 23, 2015) (internal citations and quotations omitted). To successfully allege a breach of the implied duty of good faith and fair dealing, a plaintiff "must point to some action (or inaction) on [the defendant's] part that kept [her] from reaping the fruits of [her] bargain or otherwise exercising [her] contractual rights." *Id.*

Here, Plaintiff's loan modification application was not an enforceable contract, dooming the implied covenant claim on its face. *See supra* § IV.A. Nor can Plaintiff plausibly allege that Wells Fargo acted in bad faith to deny her the benefits of the parties' actual contract—i.e., the Note and Mortgage, because those documents did not require Wells Fargo to consider or approve Plaintiff's trial application. *See supra* § IV.F. Finally, there is no allegation that Wells Fargo kept

---

[3] Although Kentucky does recognize a "bad faith" tort, generally described as "an intentional tort which results from a breach of the implied contractual duty of good faith and fair dealing," 86 C.J.S. Torts § 6 (2021), this claim requires a "special relationship" between the parties that Kentucky courts have only recognized in insurance contracts. *See, e.g.*, *Univ. of Louisville v. Bohm*, No. 2017-CA-000935-MR, 2019 WL 1422912, at *6 (Ky. Ct. App. Mar. 29, 2019); *Ennes*, 2002 WL 226345, at *4; *see also Francis v. Nami Res. Co.*, No. 04–510, 2008 WL 852047, at *12 (E.D. Ky. Mar. 28, 2008). Because Plaintiff does not and cannot allege any relationship with Wells Fargo arising out of an insurance contract, there can be no tort for bad faith here.

12

45902405 v1

Plaintiff from "reaping the fruits" of the parties' actual agreement—the Note and Mortgage. *KSA Enters.*, 2015 WL 5611655, at *3 (W.D. Ky. Sept. 23, 2015). Thus, there can be no breach of the implied duty of good faith and fair dealing on Wells Fargo's part.

*Miller* is instructive on these allegations. 2018 WL 935439. There, the borrower brought an implied covenant claim against her loan servicer based on its failure to consider her for a loan modification. *Id*. at *7. The court dismissed the claim, reasoning that the borrower breached the parties' contract by failing to make her required payments, and the borrower pointed to no provision—other than the loss-mitigation application—that allegedly entitled her to a loan modification. *Id.* Here too, Plaintiff admits that she breached the mortgage loan contract by defaulting on her payments before Wells Fargo denied her May 2014 loan modification application. *See* Compl. ¶ 3 (Wells Fargo "uses mortgage loan modification tools to create automated calculations and determine whether consumers **in default** are eligible for loan modifications") (emphasis added); ¶ 107 (alleging that a loan modification was a way for Plaintiff to cure her default), ¶¶ 112-13 (alleging that Wells Fargo breached the contract by not providing a loan modification as a means to cure her default). The Complaint also identifies no provision in the Note or Mortgage entitling Plaintiff to loss-mitigation consideration, or otherwise requiring Wells Fargo to modify her loan. Thus, Wells Fargo's alleged bad-faith acts, which stem from Plaintiff's loss-mitigation application, cannot sustain her implied covenant claim.

**B.     The Implied Covenant Claim Is Duplicative of the Breach of Contract Claim, Requiring Dismissal.**

Kentucky courts reject breach of contract claims based on the implied covenant when such claims are merely duplicative of traditional breach of contract claims. *See, e.g.*, *Time Warner Cable Midwest LLC v. Pennyrile Rural Elec. Coop. Corp.*, No. 5:15-CV-45-TBR2015, WL 4464105, at *4 (W.D. Ky. July 21, 2015) (citing *J. Kokolakis Contr. Corp. v. Evolution Piping*

13

*Corp.*, 998 N.Y.S.2d 788, 791 (N.Y. App. Div. 2014) ("Where a contractual party is merely seeking to reap the benefits of its contractual bargain, the implied covenant breach claim will not lie as it is considered duplicative of the breach of contract claim.")).

Here, Plaintiff's implied covenant claim is a virtual mirror image of her breach of contract claim:

| Breach of Contract Allegations | Implied Covenant Allegations |
|---|---|
| "Defendant agreed via the Form Contract to evaluate Plaintiff for temporary payment plan or modification program in compliance with the GSE, HUD, and HAMP requirements. Defendant agreed via the Form Contract to offer Plaintiff the best temporary plan or modification program for which they were eligible." Compl. ¶ 109. | "Defendant agreed via the Form Contract to offer Plaintiff the best temporary payment plan or modification program for which they were eligible." Compl. ¶ 121. |
| "Defendant was required under the terms of the Form Contract to consider Plaintiff for a loan modification and to provide that loan modification if appropriate. Plaintiff was eligible for a GSE, HUD, or HAMP temporary payment plan or loan modifications." Compl. ¶ 112. | "As a result, Defendant was, when necessary, required to consider Plaintiff for a loan modification. Plaintiff was eligible for a GSE, HUD, or HAMP temporary payment plan or loan modifications." Compl. ¶ 124. |
| "But Defendant did not offer Plaintiff any temporary payment plan or loan modification. Defendant failed to do so because of a faulty automated calculation. Had that automated calculation been correct, Plaintiff would have been approved for a trial modification. Defendant breached its obligations to Plaintiff under the Form Contract." Compl. ¶ 112. | "But Defendant did not offer Plaintiff any temporary payment plan or loan modification. Defendant failed to do so because of a faulty automated calculation. Had that automated calculation been correct, Plaintiff would have been approved for a trial modification. Defendant breached the implied covenant of good faith and fair dealing with Plaintiff under the Form Contract." Compl. ¶ 124. |

Accordingly, because Plaintiff impermissibly seeks to recast her deficient breach of contract claim as a separate cause of action under an implied covenant theory, the claim fails on that basis as well.

### III.    The Complaint Fails to State a Claim for Fraudulent Concealment (Count III).

To succeed on a claim for fraudulent concealment under Kentucky law, a plaintiff must allege: "(a) a duty to disclose a material fact; (b) a failure to disclose a material fact; (c) that the

failure to disclose a material fact induced the plaintiff to act and, as a consequence, (d) to suffer actual damages." *Cervetto v. Powell*, No. 1:14CV-00075-HBB, 2015 WL 13548454, at *3 (W.D. Ky. Oct. 30, 2015) (quoting *Waldridge v. Homeservices of Ky., Inc.*, 384 S.W.3d 165, 171 (Ky. Ct. App. 2011)). It is well-established that, absent a duty to disclose, mere silence is not fraudulent. *Mitchell v. Gen. Motors LLC*, No. 3:13-CV-498-CRS, 2014 WL 1319519, at *12 (W.D. Ky. Mar. 31, 2014) ("'A claim for fraud by omission is grounded in a duty to disclose,' and '[m]ere silence is not fraudulent' when no such duty arises.") (quotations and citation omitted). Thus, "[t]he gravamen of the [fraudulent concealment] tort is breach of a duty to disclose, such that the plaintiff is injured by relying on the defendant to have fulfilled his duty." *Republic Bank & Trust Co. v. Bear, Stearns & Co., Inc.*, 707 F. Supp. 2d 702, 710 (W.D. Ky. 2010), *aff'd*, 683 F.3d 239 (6th Cir. 2012).

Rule 9(b)'s heightened pleading standard applies to fraudulent concealment claims. *See Republic Bank*, 683 F.3d at 255-256. "[T]o satisfy Rule 9(b), the complaint 'must plead: (1) precisely what was omitted; (2) who should have made a representation; (3) the content of the alleged omission and the manner in which the omission was misleading; and (4) what Defendant[ ] obtained as a consequence of the alleged fraud.'" *House v. Bristol-Myers Squibb Co.*, No. 3:15-CV-00894-JHM, 2017 WL 55876, at *8 (W.D. Ky. Jan. 4, 2017) (quoting *Republic Bank*, 683 F.3d at 253). As shown below, the Complaint does not meet any of these requirements.

### A.     Wells Fargo Had No Legal Duty to Disclose.

Although Plaintiff claims—without supporting factual allegations—that Wells Fargo "ha[d] a continuous duty to disclose," Compl. ¶ 104, that is not the law. Kentucky law imposes a duty to disclose in only four circumstances: "1) fiduciary relationship; 2) statutory requirement; (3) when a defendant has partially disclosed material facts to the plaintiff but created the impression of full disclosure; and (4) where one party to a contract has superior knowledge and is

15

relied upon to disclose the same." *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 971 (E.D. Ky. 2019) (quotations and citations omitted).  The Complaint does not allege a statutory duty to disclose, and none of other circumstances is present here.

A fiduciary relationship does not arise where there is no suggestion of a relationship "where a special confidence is reposed in another who . . . is bound to act . . . with regard to the interests of the one reposing confidence."  *See, e.g.*, *Sallee v. Fort Knox Nat'l Bank, N.A. (In re Sallee)*, 286 F.3d 878, 893 (6th Cir. 2002) ("[A] mere confidence that a bank will act fairly does not create a fiduciary relationship obligating the bank to act in the borrower's interest ahead of its own interest."); *Louthan v. McKenzie Banking Co.*, No. 2018-CA-001483-MR, 2020 WL 2298355, at * 3 (Ky. Ct. App. May 8, 2020), *review denied* (Feb. 9, 2021) (no fiduciary relationship between borrower and her bank).  Here, Plaintiff has not pled (and cannot plead) facts plausibly suggesting that she placed a special confidence in Wells Fargo such that Wells Fargo was required to act in her interests.  *See generally* Complaint.  Indeed, courts, including the Sixth Circuit, routinely decline to find that banks owe a fiduciary duty to their customers.  *Id.*; *see also Associated Warehousing, Inc. v. Banterra Corp.*, No. 5:08–CV–00052–TBR, 2008 WL 4180260, at *4 (W.D. Ky. Sept. 8, 2008) ("Courts traditionally view a relationship between a bank and a depositor to be one of debtor-creditor and do not ordinarily impose a fiduciary duty of disclosure upon the bank.").

Nor does the Complaint contain allegations of any partial disclosure or superior knowledge on the part of Wells Fargo. *See generally* Compl.  Instead, the Complaint alleges that Wells Fargo was "***on notice*** of seriously deficient, unsafe, and unsound practices in its loan servicing, modification, and foreclosure programs." *Id*. ¶ 133 (emphasis added).  And "courts have been careful not to apply [these special circumstances] so broadly as to transform everyday, arms-length business transactions into fiduciary relationships." *Simpson*, 397 F. Supp. 3d at 971 (quoting *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558 (6th Cir. 2013)).  Just as

16

Plaintiff has failed to allege any circumstances giving rise to a fiduciary duty, she has failed to allege any compelling reason that would merit transforming her mortgage transaction from an everyday arms-length business transaction into one requiring a duty to disclose. Accordingly, the Complaint pleads no basis to find that Wells Fargo had a duty to disclose under Kentucky law and Plaintiff's fraudulent concealment claim should be dismissed with prejudice. *See Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 3:16-CV-00024-JHM, 2017 WL 157834 (W.D. Ky. Jan. 13, 2017), *on reconsideration in part*, 250 F. Supp. 3d 296 (W.D. Ky. 2017) (granting motion to dismiss fraud-by-omission claim where the complaint contained "no allegations that any of the defendants were required to disclose the omitted statements"); *GATX Corp. v. Addington*, 879 F. Supp. 2d 633, 646-647 (E.D. Ky. 2012) (dismissing a fraud-by-omission claim when plaintiff failed to plead sufficient facts to conclude that defendants had a duty to disclose facts).

> ## B. Plaintiff Has Not Alleged That Wells Fargo Knowingly Concealed the Calculation Error or Intentionally Misled Plaintiff.

Assuming, *arguendo*, that Wells Fargo had a legal duty to disclose (it did not), Plaintiff's allegations nonetheless fail, because they do not—and, indeed, cannot—plausibly plead the remaining elements of a fraudulent concealment claim. According to the Complaint, Wells Fargo "misrepresented" eligibility information to Plaintiff "[s]ometime between May 16, 2013 and November 17, 2015." Compl. ¶¶ 91, 131. But Plaintiff offers only a conclusory allegation that Wells Fargo "was and is on notice of serious errors, deficiencies, and unsafe and unsound practices in its loan servicing, modification, and foreclosure processes," as a result of a regulator's

17

"continued investigations and resulting consent orders." Compl. ¶¶ 48, 133.[4] That is not enough. Indeed, Plaintiff has not alleged that, as a result of regulator investigations or otherwise, Wells Fargo knew of the software error that allegedly impacted Plaintiff's loan or that it had impacted her trial modification application at the time she submitted it.

Separately, if there is no intent to mislead, there can be no fraudulent concealment. *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011) (applying Kentucky law and interpreting Rule 9(b) to require plaintiffs to show "the defendant's fraudulent intent"). "Mere silence" is not fraudulent. *Mitchell,* 2014 WL 1319519, at *12 (quoting *Buridi v. Branch Banking & Trust Co.*, No. 3:12-CV-00486-S, 2013 WL 1309763, *4 (W.D. Ky. Mar. 25, 2013)). Plaintiff's own allegations—and the letters Wells Fargo sent to Plaintiff and others in 2018—do not rise to an intent to mislead because they evince a mere mistake. *See, e.g.*, Compl. ¶¶ 67-69 (describing the "Apology Letters" Wells Fargo sent Plaintiff and others affected by what Plaintiff admits are "calculation *error*[s]") (emphasis added); Compl. ¶ 76 (alleging denials caused by "errors in its automated decision-making tools"); RJN Ex. E, a true and correct copy of Wells Fargo's letter referenced in paragraphs 67-69 of the Complaint.

Under Kentucky law, even "gross ineptitude" without a specific intent to mislead cannot constitute fraudulent concealment. *Perkins v. Wells Fargo Bank, N.A.*, No. 12-4284, 2014 U.S. App. LEXIS 5006, at *12 (6th Cir. Mar. 12, 2014) ("We conclude that the [plaintiffs] have failed to state a plausible claim for fraud because their allegations are insufficient to show that

---

[4] Plaintiff also acknowledges in support of her negligence claim that Wells Fargo may not have actually known, but "*should have known* that there were flaws in its mortgage modification application software as early as 2011 and before the time it foreclosed upon or initiated other negative events related to a mortgage on Plaintiff's Home." Compl. ¶ 148 (emphasis added). But fraud should never "be presumed, or sustained by mere suspicion, strained inference or conjecture." *Pal Oil, LLC v. United Am. Energy, LLC*, No. 2011-CA-000744-MR, 2012 WL 5274652, *30 (Ky. Ct. App. Oct. 26, 2012) (internal citation omitted).

45902405 v1

[defendant's] statements were made with the intent to mislead, rather than because of simple mistake."). An error, by definition, falls short of even this standard, as it is a "mistaken judgment or incorrect belief as to the existence or effect of matters of fact,"[5] or an "*unintentional* act, omission or error."[6] Furthermore, Plaintiff alleges that the calculation error was due to "automated" processes—not any intentional, calculated act. *See, e.g.*, Compl. ¶¶ 1, 3, 4 ("automated" calculation errors "resulted in Defendant wrongfully denying loan modifications"); Compl. ¶ 56 (Wells Fargo "identified an automated calculation error"); Compl. ¶¶ 131-132 ("automated" calculation errors "erroneously determin[ed]" Plaintiff to be "ineligible for modification"). Plaintiff's fraudulent concealment claim fails because she has only alleged an unintentional error, instead of the requisite knowledge or intent needed for her fraudulent concealment claim to survive.

### C.    The Complaint Does Not Comply With Rule 9(b).

Finally, Plaintiff's fraudulent concealment claim is woefully deficient under Rule 9(b). *See* Compl. ¶¶ 131-136. Plaintiff's allegations that Wells Fargo "wrongfully" communicated Plaintiff's eligibility for a loan modification and "actively and knowingly concealed" the error are conclusory and fail to allege with any detail specific instances of fraudulent concealment. Compl. ¶¶ 131, 134. Because the Complaint alleges practices "only at a high level of generality," it is too vague and conclusory to proceed. *Republic Bank*, 683 F.3d at 256 (affirming dismissal of fraud by omission claim); *see also Brown v. Johnson & Johnson*, No. 3:20-CV-404-DJH-CHL, 2021 WL 869548, at *3 (W.D. Ky. Mar. 4, 2021) ("Generalized and conclusory allegations do not satisfy the 9(b) standard.").

---

[5] *Black's Law Dictionary* (11th ed. 2019).

[6] *Black's Law Dictionary* (11th ed. 2019) (emphasis added).

19

Notably, other courts considering fraud-based claims based on the same "calculation error" allegations Plaintiff makes here (brought by the same counsel) have found those allegations faulty under Rule 9(b). *E.g.*, *Van Brunt v. Wells Fargo Bank, N.A.*, No. 3:19-cv-00170-BRM-TJB, 2020 WL 7868153, at *7 (D.N.J. Dec. 31, 2020) (action brought by same opposing counsel as here). Plaintiff's failure to identify the "time, place, and content" of the alleged omissions is fatal to her claim. *Brown*, 2021 WL 869548, at *2.

For all these reasons, Plaintiff's fraudulent concealment claim should be dismissed with prejudice.

## IV.    The Complaint Fails to State a Claim for Gross Negligence and/or Negligence (Count IV).

### A.    Plaintiff's Negligence Claim Is Preempted by the Fair Credit Reporting Act.

In Count IV, Plaintiff purports to assert a "gross negligence and/or negligence claim based on Wells Fargo's alleged credit reporting activities. Compl. ¶¶ 138, 153. This claim is preempted by the Fair Credit Reporting Act ("FCRA"), which comprehensively regulates lender reporting obligations to consumer reporting agencies.

The FCRA contains two provisions that bear on federal preemption: 15 U.S.C. § 1681h(e) and 15 U.S.C. § 1681t(b)(1)(F). The first preemption provision, Section 1681h(e), provides:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). The second preemption provision, Section 1681t(b)(1)(F), provides: "No requirement or prohibition may be imposed under the laws of any state . . . with respect to the

20

subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . " 15 U.S.C. § 1681t(b)(1)(F). This Court has previously identified potential "tension between these two provisions . . . result[ing] from the fact that § 1681h(e) permits state tort claims, but requires a higher standard of proof for those in the nature of defamation, slander, or invasion of privacy, while § 1681t(b)(1)(F) prohibits all state claims covered by § 1681s-2." *Stafford v. Cross Country Bank,* 262 F. Supp. 2d 776, 784-85 (W.D. Ky. 2003). To reconcile these provisions, this Court has adopted the "temporal approach" to FCRA preemption, which

> divides FCRA claims against furnishers [of credit information] into two distinct time frames: 1) ***after the furnisher received notice of the dispute***, § 1681t(b) preempts state law claims relating to the furnishing of disputed information; and 2) ***before the furnisher received notice of the dispute***, § 1681h(e) provides that plaintiffs may bring defamation, invasion of privacy or negligence claims***, so long as plaintiffs can establish the furnisher's malice or willful intent to injure***.

*Eddins v. Cenlar FSB*, 964 F. Supp. 2d 843, 850-51 (W.D. Ky. 2013) (emphases added).

Here, Plaintiff's negligence/gross negligence claim is based on allegations that Wells Fargo (1) "made statements to the credit reporting agencies regarding Plaintiff that was [sic] derogatory to her credit," and (2) "willfully, or at least recklessly, failed to correct its statements regarding Plaintiff, and to correct the wrong information that it had provided to the credit reporting agencies." Compl. ¶¶ 138, 153. Because Plaintiff does not allege that Wells Fargo ever received notice of any dispute, this Court's temporal preemption approach requires that she allege—with facts—that Wells Fargo acted with "malice or willful intent to injure" her. *Eddins*, 964 F. Supp. 2d at 850-51. Plaintiff has not done so.

To constitute malice, an entity furnishing credit information must do so "with knowledge that [the credit information] was false or with reckless disregard of whether it was false or not." *Id.* at 853 n.6 (quotation and citation omitted). Moreover, an act is undertaken with willful intent

21

if it is "knowingly and intentionally committ[ed] . . . in conscious disregard for the rights of others." *Id.* at 853 n.7 (quotation and citation omitted); *see also Philpot v. Microbilt Corp.*, No. 3:16-CV-00382-TBR, 2016 WL 7395289, at *4 (W.D. Ky. Dec. 21, 2016). But Plaintiff has not pled—and cannot plead—that Wells Fargo's alleged credit reporting was done with malice or willful intent to injure her. Indeed, Plaintiff admits that—***before*** Wells Fargo denied her trial application—she defaulted on her mortgage obligations by failing to make her required payments. Compl. ¶¶ 3, 89, 113, 125; RJN Ex. A. At the time Wells Fargo furnished the credit information, Plaintiff was in default and Wells Fargo believed that she did not qualify for a loan modification. Plaintiff's admission, coupled with these facts, dooms any suggestion of malice or willful intent to injure: if Wells Fargo reported that Plaintiff had defaulted on her mortgage loan, any such reporting was true.

Moreover, Plaintiff affirmatively alleges that Wells Fargo improperly denied her application due to an ***error*** in its modification software. Compl. ¶¶ 1, 4, 90-91, 96-97. By definition, an error cannot be intentionally injurious or malicious. *See supra* § IV.B. Plaintiff also alleges that Wells Fargo attempted to "compensate" her for not being offered the trial modification by providing $27,500 in remediation. Compl. ¶¶ 69, 99. Accordingly, Plaintiffs' factual allegations preclude any plausible suggestion that Wells Fargo acted with malice or willful intent to injure.

Because Plaintiff has failed to satisfy the malice or intent to injure requirement, and her negligence/gross negligence claim is preempted by the FCRA, her negligence claim should be dismissed with prejudice. *See* 15 U.S.C. § 1681h(e) and 15 U.S.C. § 1681t(b)(1)(F).

45902405 v1

**B.      Plaintiff Cannot Plead that Wells Fargo Owed Her a Legal Duty of Care Under Kentucky Law.**

Plaintiff's negligence claim likewise fails under Kentucky law for want of a legal duty of care.  In Kentucky, a negligence claim "requires proof that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury."  *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003).  Plaintiff premises her "gross negligence and/or negligence" claim on the assertion that "[Wells Fargo] had an obligation to ensure that the information and statements it reported to credit reporting agencies was true and accurate" and "had a duty to Plaintiff to report fair, honest, and accurate information to the credit reporting agencies."  Compl. ¶ 138.

"Kentucky law is clear that except in special circumstances, a bank does not have a fiduciary relationship with its borrowers" or owe them duties of care.  *Cable v. Midland Funding, LLC*, No. 3:19-CV-00015-GFVT, 2019 WL 3046098, at *4 (E.D. Ky. July 11, 2019) (collecting cases) (dismissing negligence claim because "without a duty there is no negligence") ; *see also Layne v. Bank One Kentucky, N.A.*, 395 F.3d 271, 281 (6th Cir. 2005).  And Kentucky courts have held that credit reporting—to the extent not preempted by the FCRA—is not a "special circumstance" that creates any such duty or gives rise to any duty of care.  *See Busch v. Wells Fargo Home Mortg., Inc.*, No. 5:16-cv-210-JMH, 2017 WL 82473, at *7 (E.D. Ky. Jan. 9, 2017) (finding Wells Fargo owed plaintiffs no legal duty of care independent of the note and mortgage, including with respect to credit reporting procedures, and noting that, "[e]ven if such a duty existed, the [ ] negligence claim would likely be preempted by the FCRA").

Kentucky courts also have determined that the loan modification process does not establish a legal duty between mortgagor and mortgagee.  *See, e.g.*, *West. v. Wells Fargo Bank, N.A.*, No. 5:19-CV-286-JMH-MAS, 2020 WL 6706351 at *3 (E.D. Ky. Nov. 12, 2020) (considering same

23

software error allegations at issue here and finding that Wells Fargo owed the borrowers no legal duty of care in loan modification process); *SMA Portfolio Owner, LLC v. Corporex Realty & Investment, LLC*, 112 F. Supp. 3d 555, 572 (E.D. Ky. 2015) ("As a general matter, a mortgagee has no duty to reach an agreement on a loan modification with a mortgagor in default."). Accordingly, Plaintiff has not alleged facts sufficient to plead any legal duty owed to her by Wells Fargo, requiring dismissal of her negligence/gross negligence claim. *Cooper v. Barth*, 464 S.W.2d 233 at 235 (Ky. 1971).

For these reasons, Plaintiff's claim for "gross negligence and/or negligence" should be dismissed with prejudice.

### V.   Plaintiff Has Not Alleged a Basis for Punitive Damages.

Finally, Plaintiff has not alleged a basis for punitive damages. Kentucky law is clear that "[i]n no case shall punitive damages be awarded for breach of contract.'" *Francis v. Armstrong Coal Reserves, Inc.*, No. 4:11–CV–00077–JHM, 2012 WL 777271, at *9 (W.D. Ky. Mar. 7, 2012) (quoting K.R.S. § 411.184(4)). Moreover, because Plaintiff has failed to state any claim upon which relief can be granted, her request for punitive damages necessarily fails as well. *See id.* (dismissing punitive damages request when all tort-based claims that could support the request were dismissed pursuant to Rule 12(b)(6)).

### CONCLUSION

For the foregoing reasons, Defendant Wells Fargo Bank, N.A., respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice.

24

Dated: July 12, 2021

/s/   *Reid S. Manley*
Reid S. Manley
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
(202) 458-5439
rmanley@burr.com

Angela A. Smedley (*pro hac vice* pending)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-5348
ASmedley@winston.com

*Counsel for Wells Fargo Bank, N.A*

25

45902405 v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 12th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following parties:

Brian D. Flick, Esq.
Marc E. Dann, Esq.
Daniel M. Solar, Esq.
DANNLAW
P.O. Box 6031040
Cleveland, Ohio  44103
notices@dannlaw.com

*Attorneys for Plaintiff*
*Cindy Dicken*

*/s/ Reid S. Manley*
OF COUNSEL

26

45902405 v1