UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-257-RGJ

CINDY DICKEN                                                                                                  Plaintiff

v.

WELLS FARGO BANK, N.A.                                                                          Defendant

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss Plaintiff Cindy Dicken's ("Dicken") Complaint. [DE 13]. Before the Court is also Wells Fargo's Request for Judicial Notice in support of its motion to dismiss. [DE 14]. These matters are ripe. [DE 16; DE 17]. For the reasons below, the Wells Fargo's Motion to Dismiss [DE 13] is **GRANTED and** Wells Fargo's Request for Judicial Notice [DE 14] is **GRANTED in part** and **DENIED in part**.

### I.   BACKGROUND

Wells Fargo received governmental funding requiring it to participate in the Home Affordable Modification Program ("HAMP") which encouraged loan modifications. [DE 1 at 2, 7]. Wells Fargo evaluated the loan modification applications using "mortgage loan modification tools to create automated calculations and determine whether consumers in default are eligible for loan modifications." [DE 1 at 2]. These tools included software that "determined customers' eligibility for a government-mandated mortgage modification." [*Id.*]. Between 2010 and 2018, the automated software calculations had systematic errors that resulted in Wells Fargo denying mortgage loan modifications. [*Id.* at 2, 12].

Dicken had a mortgage on her property with Wells Fargo. [*Id.* at 20]. Between May 2013 and November 2015, Dicken completed a loan modification application, and Well Fargo denied

1

it. [*Id.*]. Wells Fargo then initiated foreclosure proceedings and Dicken vacated her home before the sale. [*Id.* at 20-21]. Wells Fargo sent Dicken a letter in September 2018 stating, "when you were considered for a loan modification, you weren't approved, and now we realize that you should have been. We based our decision on a faulty calculation and we're sorry. If it had been correct, you would have been approved for a trial modification." [*Id.* at 15]. The letter included a check for $15,000 "to help make up for [her] financial loss." [*Id.*].

Dicken brings four claims against Wells Fargo: breach of contract, breach of implied covenant of good faith and fair dealing, fraudulent concealment, and negligence. [*Id.* at 23-34]. Wells Fargo moves to dismiss the complaint. [DE 13]. Wells Fargo also requests judicial notice of several documents in support of its motion to dismiss. [DE 14]. Dicken responded [DE 16],[1] and Wells Fargo replied. [DE 17].

## II.   STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or

---

[1] LR 7.1(c) states that parties are to file a response to a motion within 21 days, and a failure to do so may be grounds to grant the motion. Wells Fargo's failed its motion to dismiss on July 12, 2021 [DE 13], and Dicken responded 22 days later, on Tuesday, August 12, 2021 [DE 16]. Although Dicken responded the day after the deadline, the Court will consider her response.

a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64). Discussing the plausibility requirement in the context of claim of discrimination, the Sixth Circuit noted:

> [T]he Supreme Court established a "plausibility" standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions, and that standard applies to causation in discrimination claims . . . [t]hus, although the Amended Complaint need not present "detailed factual allegations," it must allege sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, 679, 129 S. Ct. 1937, that [the defendant] "discriminate[d] against [the plaintiff] with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin.". . . According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal,* 556 U.S. at 678, 129 S. Ct. 1937. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

*Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (some internal citations omitted).

Rule 12(d) of the Federal Rules of Civil Procedure provides that, if "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Court, however, "may consider the Complaint and any

3

exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting to a summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. DISCUSSION

#### 1. Wells Fargo's Request for Judicial Notice [DE 14]

Wells Fargo requests judicial notice of five documents in support of its motion to dismiss. [DE 14]. These documents are (1) the Complaint filed in *Wells Fargo, N.A. v. Cindy L. Dicken*, Case No. 14C1401753, Jefferson, Kentucky Circuit Court ("Foreclosure Complaint"); (2) the Homeowner Financial Assistance Form Cindy Dicken submitted to Wells Fargo; (3) the Note signed by Wells Fargo and Cindy Dicken; (4) the Mortgage signed by Wells Fargo and Cindy Dicken; and (5) the Letter Wells Fargo sent Cindy Dicken. [DE 14 at 94-95]. Dicken did not respond to Wells Fargo's request for judicial notice.

Generally, "matters outside of the pleadings are not to be considered by a court in ruling on a . . . motion to dismiss." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). That said, the Court may "consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011) (internal quotation marks and citation omitted). The Court may also consider "exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Additionally, the Court may take judicial notice of public documents and government documents because their sources "cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Lyons v. Stovall*, 188 F.3d 327, 332 n.3

(6th Cir. 1999) (courts may take judicial notice of proceedings from other courts) *and Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (courts may take judicial notice of public records).

The Court may properly take judicial notice of the Foreclosure Complaint and Dicken's mortgage, as the complaint is a judicial proceeding from another court (and a public document) and the mortgage is a public document. *Lyons*, 188 F.3d at 332 n.3; *Jones*, 521 F.3d at 562. The other documents, the assistance form, the note, and the letter, are not documents that the court may properly take judicial notice of. Yet, because these materials are referenced in the complaint and central to the claims, the Court may properly consider them without converting the motion to dismiss to a motion for summary judgment. None of these documents change the Court's analysis or ruling. Thus, Wells Fargo's Request for Judicial Notice [DE 14] is **GRANTED in part** and **DENIED in part**.

**2. Wells Fargo's Motion to Dismiss [DE 13]**

Wells Fargo moves to dismiss all four of the claims against it, arguing that Dicken failed to state a claim for relief and to allege fraud with particularity. [DE 13 at 57].

    *a. Breach of Contract, Implied Covenant of Good Faith and Fair Dealing, and Negligence*

Wells Fargo argues that Dicken's breach of contract, implied covenant of good faith and fair dealing, and negligence claims each fail for separate reasons. It argues that Dicken's breach of contract claim fails because there is no meeting of the minds, there are no definite and certain terms, there is no consideration, the statute of frauds is not satisfied, and because the note and mortgage was not breached. [DE 13-1 at 69-77]. Wells Fargo next argues that Dicken's breach of the implied covenant of good faith and fair dealing claim fails because no such claim is recognized in Kentucky and because it is duplicative of the breach of contract claim. [*Id.* at 77-80]. Finally, Wells Fargo argues that Dicken's negligence claim fails because it is preempted by

the fair credit reporting act, because it did not owe her a legal duty, and because she had no basis for punitive damages. [*Id.* at 86-90]. Dicken withdraws each of these claims in response. [DE 16 at 168-69]. These claims are therefore **DISMISSED** and the Court does not consider them further.

### 3. *Fraudulent Concealment*

Wells Fargo argues that Dicken's fraudulent concealment claim fails because it had no legal duty to disclose, because Dicken does not allege that it knowingly concealed the error or intentionally mislead Dicken, and because Dicken's complaint does not comply with Fed. R. Civ. P. 9(b). [DE 13-1 at 80-86]. Dicken responds that she is alleging Wells Fargo committed fraud by omission rather than fraud by misrepresentation. [DE 16 at 167].

"Fraud by omission and fraud by misrepresentation are different torts and require different elements." *Gentry v. Noe*, 545 S.W.3d 323, 326 (Ky. App. 2018) (citing *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 641 (Ky. App. 2003). To prevail on a claim of fraud by omission (or "failure to disclose a material fact"), a plaintiff must prove: "a) that the defendants had a duty to disclose that fact; b) that defendants failed to disclose that fact; c) that the defendants' failure to disclose the material fact induced the plaintiff to act; and (d) that the plaintiff suffered actual damages." *Rivermont Inn, Inc.*, 113 S.W.3d at 641. "The gravamen of the tort is breach of a duty to disclose." *Republic Bank & Tr. Co. v. Bear, Stearns & Co.*, 707 F. Supp. 2d 702, 710 (W.D. Ky. 2010), *aff'd,* 683 F.3d 239 (6th Cir. 2012). "Mere silence is not fraudulent" absent such a duty. *Smith v. Gen. Motors Corp.*, 979 S.W.2d 127, 129 (Ky. App. 1998)). Determining the existence of a duty is the provenience of the court. *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 747 (Ky. 2011). In Kentucky, there are four circumstances when a duty is recognized: "(1) fiduciary relationship; (2) statutory requirement; (3) 'when a defendant has partially disclosed material facts to the plaintiff but created the impression of full disclosure'; and

(4) 'where one party to a contract has superior knowledge and is relied upon to disclose same.'" *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558, 568 (6th Cir. 2013) (quoting *Giddings & Lewis, Inc.*, 348 S.W.3d at 747–48)).

Claims of fraud are held to a heightened pleading standard. *RQSI Glob. Asset Allocation Master Fund, Ltd v. Apercu Int'l PR LLC*, 683 F. App'x 497, 505 (6th Cir. 2017). The heightened standard directs that "the circumstances constituting fraud . . . shall be stated with particularity," although "[m]alice, intent, knowledge, and other condition of a mind of a person may be averred generally." Fed. R. Civ. P. 9(b). A plaintiff must plead "(1) precisely what was omitted; (2) who should have made a representation; (3) the content of the alleged omission and the manner in which the omission was misleading; and (4) what [the fraudfeasor(s)] obtained as a consequence of the alleged fraud." *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 256 (6th Cir. 2012). But when a plaintiff is alleging fraud by omission, Rule 9(b)'s pleading requirements are relaxed because "a plaintiff in a fraud by omission suit will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim." *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098–99 (N.D. Cal. 2007).

Dicken alleges that Wells Fargo had duties of disclosure related to the software errors and loan modifications. [DE 1 at 7, 23-29]. She alleges that Wells Fargo had "a continuous duty to disclose the truth" about the loan modification applications and the reasons why Dicken did not receive a loan modification – and the errors associated with them. [*Id.* at 17-23]. Dicken also alleges that Wells Fargo had "a duty to the Plaintiff to report fair, honest, and accurate information to the credit reporting agencies" and to give "adequate notice of the mortgage modification." [DE *Id.* at 25, 29]. Wells Fargo argues that it had no legal duty to disclose because none of the four circumstances imposed by Kentucky law are present here. [DE 13-1 at 81-82]. Dicken does not

7

allege the circumstance that gives rise to Wells Fargo's duty of disclosure beyond citing 12 C.F.R. 1024.41(b)(2) in her response to the motion to dismiss. [DE 16 at 168].

Here, no legal duty to disclose arises from a fiduciary relationship because no such relationship arises between a mortgagor and mortgagee, or between a bank and an individual applying for a refinanced mortgage. *Carmical v. Home Fed. Bank Corp.*, No. 2013-CA-000220-MR, 2014 WL 6609133, at *3 (Ky. App. Nov. 21, 2014) ("while the relationship between a mortgagor and mortgagee is often described as one of trust, technically it is not of a fiduciary character."). "When the first circumstance (a fiduciary duty) does not exist, the courts have been careful not to apply the other three circumstances so broadly as to transform everyday, arms-length business transactions into fiduciary relationships." *Gresh v. Waste Servs. of Am., Inc.*, 311 F. App'x 766, 772 (6th Cir. 2009).

Dicken alludes to a duty to disclose because Wells Fargo "is required to comply with" HAMP. [DE 1 at 7]. Dicken cites to 12 C.F.R. § 1024.41(b)(2), a section of HAMP, in her response to the motion to dismiss. [DE 16 at 168]. This statute provides:

> (2) Review of loss mitigation application submission—
> (i) Requirements. If a servicer receives a loss mitigation application 45 days or more before a foreclosure sale, a servicer shall:
> (A) Promptly upon receipt of a loss mitigation application, review the loss mitigation application to determine if the loss mitigation application is complete; and
> (B) Notify the borrower in writing within 5 days (excluding legal public holidays, Saturdays, and Sundays) after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete. If a loss mitigation application is incomplete, the notice shall state the additional documents and information the borrower must submit to make the loss mitigation application complete and the applicable date pursuant to paragraph (b)(2)(ii) of this section. The notice to the borrower shall include a statement that the borrower should consider contacting servicers of any other mortgage loans secured by the same property to discuss available loss mitigation options.

> (ii) Time period disclosure. The notice required pursuant to paragraph (b)(2)(i)(B) of this section must include a reasonable date by which the borrower should submit the documents and information necessary to make the loss mitigation application complete.

12 C.F.R. § 1024.41(b)(2). Arguably, this statute creates disclosure duties (a "time period disclosure" to submit documents and information), but not those that Dicken alleges Wells Fargo had, to "continuously disclose the truth" related to the software errors, credit reporting, and why she did not receive a loan modification. [DE 1 at 7, 23-29]. Dicken otherwise cites no authority recognizing a duty under HAMP or any other statute. Thus, no duty of disclosure alleged by Dicken is created by statute.

To find that a duty to disclose arose from partial disclosure, it must have created the impression of full disclosure. *Helm v. Ratterman*, No. 2020-CA-1434-MR, 2022 WL 495613, at *5 (Ky. App. Feb. 18, 2022) (no duty arising from partial disclosure because no impression of full disclosure); *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558, 568 (6th Cir. 2013) (same). No partial disclosures that created the impression of full disclosures arise from the alleged facts here, so partially disclosed material facts did not create a legal duty to disclose.

The "superior knowledge" duty of disclosure requires contractual privity. *Morris Aviation, LLC*, 536 F. App'x at 568–69. There is no contractual privity here because the loan modification application was not—and Dicken does not allege it was—a binding contract.[2] Even if the loan modification was a binding contract, Dicken does not allege that Wells Fargo had any superior knowledge of facts relating to the loan modification contract that supports the alleged duty of disclosure. Dicken alleges that Wells Fargo had a "a continuous duty to disclose the truth" about

---

[2] A contract exists only where there is "offer and acceptance, full and complete terms, and consideration." *Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 834 (Ky. 2013). As noted above, Dicken withdrew her breach of contract claim based on the application. The Court therefore does not consider this claim further.

9

the loan modification applications, credit reporting, the errors associated with them, and why Dicken did not receive a loan modification. [DE 1 at 17-29]. A superior knowledge of the loan modification, even if it was a contract, would not give rise to such duties. *See Smith*, 979 S.W.2d at 129–30 (superior knowledge created duty to disclose when dealership had superior knowledge of vehicle's past problems and repairs). Therefore, no duty is created by superior knowledge.

Because none of the four circumstances recognized by Kentucky law are present here, there is no basis for a legal duty for Wells Fargo to disclose. As a result, Dicken has not alleged a sufficient factual basis to support a claim of fraud by omission. As a result, Dicken's claim of fraud by omission is dismissed, and Wells Fargo's Motion to Dismiss [DE 13] is **GRANTED.**[3]

---

[3] Wells Fargo raises arguments for the first time in its reply, including that Dicken lacks standing to sue for violating HAMP. [DE 17 at 175]. The Court does not consider such arguments in its analysis. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (issues raised for the first time in a reply are improperly raised). Additionally, having granted the motion to dismiss, the Court does not consider Wells Fargo's other arguments.

## IV. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Wells Fargo's Motion to Dismiss [DE 13] is **GRANTED.**

(2) Wells Fargo's Request for Judicial Notice [DE 14] is **GRANTED in part** and **DENIED in part**.

Rebecca Grady Jennings, District Judge
United States District Court

March 21, 2022

Cc: Counsel of record

11